IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN GADRA-LORD, | : | |
| Plaintiff | : | No. 1:12-cv-02426 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| DAVID VARANO, | : | (Chief Magistrate Judge Carlson) |
| Defendant | : | |

## MEMORANDUM

Before the Court is the Report and Recommendation of Chief Magistrate Judge Carlson, recommending that Defendants' motion to dismiss Plaintiff's complaint be granted. (Doc. No. 26.) Upon review of the complaint, the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation in part and grant Defendants' motion to dismiss Plaintiff's complaint.

I.   BACKGROUND

Plaintiff, an inmate presently housed at SCI-Mahanoy, commenced the above-captioned action on December 5, 2012, alleging various civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges that on June 18, 2012, he had thoughts of harming himself and was sent to psychiatric observation at SCI-Coal Township. (Doc. No. 9.) Upon his return to the Restricted Housing Unit, he was placed in a "hard cell." (Id.) He alleges he was then deprived of clothing and property in retaliation for seeking psychiatric treatment, and was informed he would never see the property again. (Id.) He further avers that although he utilized the prison's grievance system, it was ineffective and he never recovered his property. (Id.) Some of this lost property consisted of legal documents, and, without access to them, Plaintiff could not respond to a pending motion and subsequently lost his chance at appeal. (Id.) He additionally sets forth

1

that the property was distributed to other prisoners, who used it to harass and threaten Plaintiff. (Id.)  Plaintiff also alleges that he was deprived of meals and showers, corrections officers falsely accused him of assault and misconduct, and they subjected him to sexual harassment and racially hostile remarks.  (Id.)

Plaintiff brought this action against David A. Varano, the Superintendent of SCI-Coal Township, and other corrections officers and lieutenants allegedly involved in the deprivation of the plaintiff's property, subsequent harassment, and other civil rights violations pursuant to 42 U.S.C. § 1983.  (Doc. No. 9.)  He alleges that the defendants deprived him of psychiatric care; deprived him of his property without due process; violated his right of "freedom of association"; and violated his right of access to the courts.  (Id.)  Plaintiff asserts violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

On December 13, 2012, following screening and dismissal of Plaintiff's initial complaint, Plaintiff filed an amended complaint. (Doc. No. 9.)  Defendants subsequently filed a motion to dismiss the amended complaint.  (Doc. No. 22.)  Magistrate Judge Carlson issued a Report and Recommendation on November 1, 2013, recommending that the Court grant Defendants' motion to dismiss with prejudice as to all Fourth Amendment claims, all Fifth Amendment due process and access to courts claims, and all Eight Amendment verbal harassment claims.  (Doc. No. 26.)  Magistrate Judge Carlson additionally recommended that Plaintiff's Eighth Amendment excessive force, deliberate indifference and retaliation claims be dismissed without prejudice to the filing of an amended complaint.  (Id.)  On November 13, 2013, Plaintiff filed objections to the Report and Recommendation.  (Doc. No. 27.)  The Court will address Magistrate Judge

Carlson's Report and Recommendation and Plaintiff's objections thereto in turn.[1]

## II.      DISCUSSION

### A.      Fourth Amendment claims

Magistrate Judge Carlson first recommends that the Court dismiss all Fourth Amendment claims related to the seizure of items from Plaintiff with prejudice, because prisoners enjoy no Fourth Amendment right to privacy in their cell. (Doc. No. 26 at 7-8 (citing Hudson v. Palmer, 468 U.S. 517, 529 (1984).)  Plaintiff objects, but does not address Magistrate Judge Carlson's conclusion that he has no Fourth Amendment right to privacy in his cell. Rather, he asserts that dismissal of his Fourth Amendment claims is improper because Hudson supports his due process claims, an objection the Court will address in the next section. The court finds no error in Magistrate Judge Carlson's recommendation that the Court dismiss all Fourth Amendment claims related to the seizure of items from Plaintiff with prejudice. Accordingly, the Court will adopt the Report and Recommendation and dismiss all Fourth Amendment claims with prejudice.

### B.      Due process claims

Magistrate Judge Carlson recommends the Court dismiss any due process claims arising out of the seizure with prejudice, because there was a post-deprivation remedy available, which Plaintiff admits he utilized by filing a grievance through the inmate grievance process. Plaintiff asserts three objections to this recommendation, which the Court will address in turn.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

### 1. Deprivation pursuant to established state procedure

Plaintiff first objects because <u>Hudson</u> states that "post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action." 468 U.S. at 532. Plaintiff asserts that "it should be made perfectly clear that my property was removed from my cell as per a clearly established procedure within the institution of SCI-Coal [Township]." (Doc. No. 27 at 1.) Thus, Plaintiff contends that his post-deprivation remedy did not satisfy due process. (<u>Id.</u>)

The Court finds Plaintiff's first objection unpersuasive. It is true that there are essentially two due process paradigms for deprivation of an inmate's property: (1) a deprivation pursuant to an established state procedure, which requires more than post-deprivation remedies; (2) a random, unauthorized deprivation, even if intentional, which must be accompanied only by a meaningful post-deprivation remedy. <u>See</u> <u>Hudson</u>, 468 U.S. at 532-33; <u>Rambert v. Durant</u>, No. 95-5636, 1996 WL 253322, at *2 (E.D. Pa. May 10, 1996).

Despite Plaintiff's objection, he does not allege in his complaint that his property was confiscated pursuant to an established state procedure (i.e., a state statute promulgating rules and procedures). <u>See</u> <u>Wilson v. City of Newark</u>, No. 06-5219, 2008 WL 834398, at *3 (D.N.J. Mar. 27, 2008). Rather, he specifically asserts that his property was taken by individual officers in retaliation for his medical treatment. However, intentional, unauthorized deprivations of property are exactly the type of deprivations for which a post-deprivation remedy satisfies due process. <u>See id.</u> Plaintiff alleges no facts in support of his averment that his property was confiscated through an established state procedure. <u>Howell v. New Jersey</u>, No. 08-4946, 2009 WL 1563909, at *3 (D.N.J. June 3, 2009) ("[I]f the deprivation of Plaintiff's property was seized

through established state procedure, Plaintiff has not alleged facts indicating that his due process rights were violated, as he has not set forth any facts concerning the procedures followed by the State in seizing the property."). Thus, the Court finds no error in Magistrate Judge Carlson's recommendation and will overrule this objection.

### 2. Adequate post-deprivation remedy

Plaintiff next objects to Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's due process claims because there was an adequate post-deprivation remedy available in the prison's grievance system. (Doc. No. 27 at 1-2.) Specifically, Plaintiff asserts that any post-deprivation remedy was inadequate, as he did not recover his property, and "it has been made clear by the Supreme Court that any available remedy must have an adequate outcome or it does not suffice as providing due process as outlined by the Constitution." (Id. at 2.)

The Court finds that Magistrate Judge Carlson did not err in recommending the Court dismiss Plaintiff's due process claims due to the availability of a post-deprivation remedy. Plaintiff misunderstands what constitutes a remedy that satisfies due process. A constitutionally satisfactory remedy is not, as Plaintiff contends, the return of his property; rather, the existence of the grievance process itself is the remedy. See Mattis v. Dohman, 260 F. App'x 458, 461 (3d Cir. 2008) ("In Pennsylvania, the state prison system has established an internal grievance procedure through which the state hears claims and, when appropriate, provides remedies; [Prisoner] was provided with a meaningful post-deprivation remedy regarding the loss of his property in the form of this grievance system.") (emphasis added). Plaintiff clearly states that he sought relief through the prison's grievance system. (Doc. No. 9 at 1.) His unhappiness with his

lack of success in recovering his property does not run afoul of the Constitution. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 421-22 (3d Cir. 2000) ("[T]he plaintiff had an adequate postdeprivation remedy in the grievance program."). Thus, the Court finds no error in Magistrate Judge Carlson's recommendation and the Court will overrule this objection.

### 3. Right to medical privacy

Plaintiff also objects to Magistrate Judge Carlson's recommendation that the Court dismiss his due process claims because "the right to maintain the confidentiality of one's medical history is protected by the Constitution . . .[t]his includes my mental health status and previous treatment." (Doc. No. 27 at 2.) He further objects on the grounds that other personal information was distributed to inmates. (Id.) While it is true that there is no Fourth Amendment right to privacy in his prison cell, the United States Court of Appeals for the Third Circuit has recognized that prisoners nevertheless do maintain a substantive due process right to privacy in their medical information. See Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001) ("The right to nondisclosure of one's medical information emanates from a different source and protects different interests than the right to be free from unreasonable searches and seizures."). The Court notes, however, that not all disclosures of medical information will in fact violate a prisoner's right to privacy in his medical information. See id. at 317 ("[A] prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen.").

Although Plaintiff objects on the grounds of his private medical information, Plaintiff does not actually allege the distribution of any private medical information in his complaint, and the Court will therefore dismiss any such due process claim. Without addressing whether such allegations are sufficient to state a claim for which relief may be granted, the Court will permit

Plaintiff to amend his complaint to set forth any factual support for his allegation concerning his confidential medical information.  As to all other due process claims, the Court will adopt Magistrate Judge Carlson's recommendation that they be dismissed with prejudice.

### B. Access-to-courts

Plaintiff objects to Magistrate Judge Carlson's recommendation that the Court dismiss his access-to-courts claim because his vague assertions failed to allege a "nonfrivolous" lost legal claim or that he suffered actual prejudice. (Doc. No. 27 at 2-3.)  Plaintiff objects on the grounds that all of his legal documents, letters and mail were confiscated, and he was therefore unable to receive an evidentiary hearing regarding his PCRA appeal. (Id.)  He avers he had more than "mere hope" of success, but he was unable was unable to present the "necessary evidence" to prove ineffective assistance of counsel and unlawfully induced plea. (Id.)

The Court finds Plaintiff's objection is without merit. "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). To survive dismissal, the complaint must describe the underlying claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." Id.  Although Defendant now clarifies that he wished to allege ineffective counsel and an unlawful plea, he still alleges no facts which show that either ground for appeal had any merit, or that he therefore suffered any actual injury as a result of the confiscation.  See Pelzer v. Superintendent Houtzdale SCI, 13-

3914, 2013 WL 6570946, at *1 (3d Cir. Dec. 16, 2013).  In other words, it is not enough for Plaintiff to allege that he had an appeal pending; he needs to allege facts that indicate his lost appeal was meritorious.  See Monroe, 536 F.3d at 205-06 ("[Plaintiffs] alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous."); Jones v. Artis, No. 12-6896, 2013 WL 3958043, at *4-5 (D.N.J. July 30, 2013).  Even under the liberal pleading standards afforded to pro se plaintiffs, his allegations are inadequate to state an access to courts claim.  Thus, the Court will adopt Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's access-to-courts claim with prejudice, and this objection will be overruled.

### C. Eighth Amendment verbal harassment claims

Magistrate Judge Carlson recommends that Plaintiff's Eighth Amendment verbal harassment claims be dismissed with prejudice because it is well-settled that verbal harassment of a prisoner does not violate the Eighth Amendment.  Plaintiff does not specifically object to this recommendation. The court finds no error in Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's Eighth Amendment verbal harassment claims with prejudice.  Accordingly, the Court will adopt the Report and Recommendation.

### D. Eighth Amendment excessive force, deliberate indifference and retaliation claims

Lastly, Plaintiff does not object to Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's Eighth Amendment excessive force, deliberate indifference and retaliation claims without prejudice to the filing of an amended complaint.  Accordingly, the Court will adopt the Report and Recommendation and will dismiss these claims without

prejudice to the filing of an amended complaint.[2]

### III. CONCLUSION

After review of the Report and Recommendation and Plaintiff's objections thereto, the Court will adopt Magistrate Judge Carlson's recommendation that the Court dismiss all Fourth Amendment claims, access to courts claims, and all Eight Amendment verbal harassment claims with prejudice.  The Court will also adopt Magistrate Judge Carlson's recommendation that the Court dismiss Plaintiff's Eighth Amendment excessive force, deliberate indifference and retaliation claims without prejudice to the filing of an amended complaint.  However, the Court will not adopt Magistrate Judge Carlson's recommendation that the Court dismiss with prejudice <u>all</u> of Plaintiff's due process claims.  Specifically, the Court will dismiss Plaintiff's claim arising out of his substantive due process right to privacy in his medical information without prejudice to the filing of an amended complaint. As to all other due process claims, the Court will dismiss those due process claims with prejudice.  An order consistent with this memorandum follows.

---

[2] It appears that a document purporting to be an amended complaint was filed by Plaintiff on January 22, 2014.  (Doc. No. 28.)