## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN GADRA-LORD,** | : | **Civil No. 1:12-CV-2426** |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **DAVID VARANO,** | : | |
| | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.      Statement of Facts and of the Case

The plaintiff in this action is Jonathan Gadra-Lord, an inmate in the custody of

the Pennsylvania Department of Corrections, presently housed at the State

Correctional Institution at Mahanoy ("SCI-Mahanoy").  Gadra-Lord commenced this

lawsuit by filing a complaint on December 5, 2012.  (Doc. 1.)  Following initial

screening of the complaint pursuant to 28 U.S.C. § 1915, the complaint was dismissed

with leave to amend because the complaint was impermissibly vague, and failed for

a host of reasons to state claims for relief.  (Doc. 8.)  Thereafter, Gadra-Lord filed an

amended complaint on December 13, 2012.  (Doc. 9.)

Upon a screening review of this amended complaint defendants Varano,

Kelley, and Miller were dismissed from this action, (Docs. 16 and 17.), and the

amended complaint was served upon the remaining defendants, who filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 22.)  We then recommended dismissal of the amended complaint, but also recommended that this dismissal be without prejudice to Gadra-Lord attempting to file a second amended complaint regarding some specific claims. (Doc. 26.)  The Report and Recommendation was adopted, in part, by the district court, and Gadra-Lord's amended complaint was dismissed, but the plaintiff was given leave of court to file a second amended complaint, articulating any Eighth Amendment or due process claims the plaintiff might have relating to the conditions of his confinement and the failure to safeguard certain confidential medical records. (Docs. 29-30.)  The district court then remanded this case to our attention for a review of any further amended pleadings that Gadra-Lord may file.

Gadra-Lord has now filed two documents, (Docs. 28 and 31.), which collectively appear to be an effort by the plaintiff to re-state these legal claims.  The difficulty with these pleadings, Gadra-Lord's latest efforts to state a claim in this case, is that none of the pleadings identify any particular action by any specific defendant which violated the plaintiff's civil rights.  Indeed, these pleadings do not identify any defendants by name, but rather continue to talismanic fashion to alleged that various unnamed "defendants" violated the plaintiff's rights in sundry different ways.  After

almost two years of litigation, and numerous opportunities to amend his pleadings, in our view more was required of Gadra-Lord if this litigation was to proceed forward.  Therefore, since Gadra-Lord still has not identified in an intelligible way who he wishes to sue, and what actions these particular individuals took that allegedly violated his rights, these latest amended complaints should be dismissed with prejudice.

## II.   Discussion

### A.   Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which  seek redress against government officials.  Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all

reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the

Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

As the court of appeals has observed:  "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.'  Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.'  Id.  A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line

6

between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg

Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182

L. Ed. 2d 644 (U.S. 2012).

Thus, following Twombly and Iqbal a well-pleaded complaint must contain

more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.  First,
> the factual and legal elements of a claim should be separated.  The
> District Court must accept all of the complaint's well-pleaded facts as
> true, but may disregard any legal conclusions.  Second, a District Court
> must then determine whether the facts alleged in the complaint are
> sufficient to  show that the plaintiff has a "plausible claim for relief."
> In other words, a complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such an entitlement
> with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-

step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead

to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should  identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' <u>Id.</u> at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>" <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.  In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct.  This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint

because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired.   Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights.   When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint);  Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).  Further, in order to satisfy the strictures of Rule 8, a complaint must also  contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report

and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

### B.    Gadra-Lord's Amended Complaints Violate Rule 8

Here, after almost two years of litigation, Gadra-Lord still has not filed a pleading which identifies who has harmed him, and states in a simple and comprehensible way what actions the individual defendants he seeks to sue took that allegedly violated his civil rights.  Gadra-Lord's persistent failure to articulate these basic factual matters now compels dismissal of this action against the remaining 14 defendants currently identified in this lawsuit, none of whom are named in Gadra-Lord's latest pleadings.  It is well-settled that:  "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir.2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir.2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincv v. Klem, 303 F. App'x 106 (3d Cir.2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir.2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra.

10

Furthermore, under Rule 8 a complaint must contain a coherent, intelligible and attainable prayer for relief. Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

In this case Gadra-Lord's latest pleadings, (Docs. 28 and 31.), do not identify any defendants by name, and do not contain any factual recitations linking any of the 14 previously named individual correctional staff defendants in any intelligible way to the acts about which he complains. Gadra-Lord then actually compounds the confusion which has reigned in his pleadings in these latest submissions, which allude in passing to unnamed prison psychologists and psychiatrists. (Doc. 28, p. 3.) None of the defendants previously identified by Gadra-Lord in the caption of this case have been mental health professionals. Rather, the docket of this case plainly shows that the defendants previously identified by Gadra-Lord were all correctional staff. Thus, while Gadra-Lord continues to refuse to link any of the previously named defendants to specific acts which he contends violated his rights, he also now apparently is adding new, and unnamed defendants to this lawsuit.

Gadra-Lord has been advised, repeatedly, of the necessity to recite well-pleaded facts in support of his complaint, and has been given a several opportunities to amend his pleadings to set forth such well-pleaded facts.   Despite these admonitions, however, the plaintiff's current pleadings, which are two and four pages long, are bereft of any well-pleaded facts, and neglect the most rudimentary requirements of federal law since they do not even identify by name the defendants Gadra-Lord wishes to sue, or describe what these individuals are alleged to have done.   The failure of this, Gadra-Lord's second amended complaint, to contain sufficient well-pleaded facts to identify who is alleged to have harmed the plaintiff leaves all of the previously named "defendants having to guess what of the many things discussed constituted [a cause of action]."   Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).  Therefore, Rule 8 compels dismissal of the second amended complaint in its entirety.   In particular, Gadra-Lord's curious pleading style of previously naming multiple correctional defendants in the caption of this lawsuit, but not describing their conduct by name in the body of this his latest pleading, is legally insufficient to state a claim.  See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010)(dismissing claims against defendants only identified in exhibits attached to complaint).  This cursory style of pleading is plainly inadequate to state a claim against these individual defendants and

compels dismissal of these defendants.  Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.)

We are mindful that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).   In this case, however, the Court has previously provided Gadra-Lord with several opportunities to amend his complaint to articulate viable civil rights claims, but he has been unable to do so, and the current second amended complaint filed by the plaintiff does not even identify these defendants.   Therefore, on these facts, we recommend that the second amended complaint, (Docs. 28 and 31.),which does not identify who Gadra-Lord wishes to sue, be dismissed with prejudice.

## III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED Gadra-Lord's latest proposed second amended complaint, (Docs. 28 and 31.) be DISMISSED with prejudice.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of July, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge

14