## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN GADRA-LORD, : | |
|     Plaintiff : | No. 1:12-cv-02426 |
| : | |
| v. : | (Judge Kane) |
| : | |
| DAVID VARANO, et al., : | (Chief Magistrate Judge Carlson) |
|     Defendants : | |

### MEMORANDUM

Before the Court is the Report and Recommendation of Chief Magistrate Judge Carlson, recommending that Plaintiff's amended complaint be dismissed with prejudice. (Doc. No. 32.) Upon review of the complaint, the Report and Recommendation, and Plaintiff's objections thereto, the Court will adopt the Report and Recommendation and will dismiss Plaintiff's complaint with prejudice.

**I.   BACKGROUND**

Plaintiff, an inmate presently housed at SCI-Mahanoy, commenced the above-captioned action on December 5, 2012, alleging various civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff brought this action against David A. Varano, the Superintendent of SCI-Coal Township, and other corrections officers and lieutenants allegedly involved in the deprivation of the plaintiff's property, subsequent harassment, and other civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. No. 9.) Specifically, Plaintiff alleged that the Defendants deprived him of psychiatric care, deprived him of his property without due process, violated his right of "freedom of association," and violated his right of access to the courts. (Id.) Plaintiff asserted violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

On December 13, 2012, following screening and dismissal of Plaintiff's initial complaint,

Plaintiff filed an amended complaint. (Doc. No. 9.) Certain Defendants subsequently filed a motion to dismiss the amended complaint. (Doc. No. 22.) On April 17, 2014, the Court dismissed all of Plaintiff's Fourth Amendment claims, access to courts claims, and all Eighth Amendment verbal harassment claims with prejudice. (Doc. No. 30.) The Court dismissed Plaintiff's remaining claims without prejudice, and granted him leave to file a second amended complaint concerning his Eighth Amendment excessive force claim, deliberate indifference claim, retaliation claim, and any due process claim Plaintiff sought to bring arising out of disregard for his private medical information. (Id.)

Plaintiff filed two documents that, together, the Court will treat as his second amended complaint.[1] (Doc. Nos. 28, 31.) He again asserts claims based on deliberate indifference to a serious need in violation of the Eighth Amendment. (Doc. No. 28.) He also alleges that he was retaliated against for filing grievances "on the RHU staff, and the fact that I was helping other with law work, while also preparing to file a class action." (Id.) He further asserts that his right to medical privacy was violated. (Doc. No. 31.) Magistrate Judge Carlson screened Plaintiff's

---

[1] After Magistrate Judge Carlson filed his Report and Recommendation recommending that the Court permit Plaintiff to amend his excessive force, deliberate indifference, and retaliation claims, but before the Court issued an order adopting that recommendation or granting Plaintiff leave to amend, Plaintiff filed his second amended complaint concerning these claims. (Doc. No. 28.) In its subsequent order adopting that Report and Recommendation, the Court informed Plaintiff that in addition to amending the claims identified by Magistrate Judge Carlson, he was further granted leave to file an all-inclusive amended complaint to include any due process claims arising out of his medical privacy, if he wished to allege such claims. (Doc. No. 30.) The Court informed Plaintiff that if he did not do so, it would treat his filing of January 22, 2014 as his all-inclusive amended complaint. (Id.) On May 8, 2014, Plaintiff filed an "Amended Due Process Claim," but this filing is limited to only his medical privacy claim and did not reincorporate the allegations of his January 22, 2014 amended complaint. (Doc. No. 31.) Accordingly, as Magistrate Judge Carlson did, the Court will construe these two separate pro se filings though they are one all-inclusive complaint.

most recent complaint and on July 8, 2014, issued a Report and Recommendation recommending that the Court dismiss Plaintiff's second amended complaint with prejudice.  (Doc. No. 26.)  On July 23, 2014, Plaintiff filed timely objections to the Report and Recommendation.  The Court will address Magistrate Judge Carlson's Report and Recommendation and Plaintiff's objections in turn.[2]

## II. DISCUSSION

Chief Magistrate Judge Carlson recommends that the Court dismiss all of Plaintiff's remaining claims with prejudice, because his complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  (Doc. No. 32 at 10.)  Specifically, Magistrate Judge Carlson concludes that "after almost two years of litigation, [Plaintiff] has not filed a pleading which identifies who has harmed him, and states in a simple and comprehensible way what actions the individual defendants he seeks to sue took that allegedly violated his constitutional rights."  (Id.)  Magistrate Judge Carlson further recommends that the Court dismiss the complaint with prejudice, because the Court has provided Plaintiff multiple opportunities to amend his complaint to state viable claims, but he has failed to do so.  (Id. at 13.)  Plaintiff primarily objects to Magistrate Judge Carlson's recommendation that the amended complaint is insufficiently specific.  Plaintiff argues he has "clearly stated viable civil rights claims and thus provided sufficient facts to continue with this case."  (Doc. No. 33 at 1.)  He also argues that "I was unaware that when I was speaking of all the defendants at one time that I must

---

[2] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

include every single name every single time. <u>This is why I just used the word Defendants meaning all.</u>"  (<u>Id.</u> (emphasis in original.))

The Court finds Plaintiffs objections without merit and will adopt Magistrate Judge Carlson's recommendations and dismiss the complaint.  Rule 8(a) of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Fed.R.Civ.P.</u> 8(a)(2).  Each averment must be "simple, concise, and direct."  <u>Fed.R.Civ.P</u>. 8(d)(1).  However, a civil complaint must also "set out 'sufficient factual matter' to show that the claim is facially plausible."  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Iqbal</u>, 556 U.S. at 678.

The Court agrees with Chief Magistrate Judge Carlson that Plaintiff's complaint violates Federal Rule of Civil Procedure 8 by failing to contain a short and plain statement showing an entitlement to relief.  Although Plaintiff objects on the grounds that he has provided "sufficient facts to proceed with the case," the Court finds that his complaint fails to plead how and by whom he was allegedly harmed.[3]  Regarding Plaintiff's Eighth Amendment claims against prison officials, such a claim must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (internal quotation marks and

---

[3] In his Report and Recommendation, Magistrate Judge Carlson concluded that "[Plaintiff's current pleadings . . . are bereft of any well-pleaded facsts, and negliect the most rudimentary requirements of federal law since they do not even identify by name the defendants [Plaintiff] wishes to sue, or describe what these individuals are alleged to have done."

4

citations omitted). "In prison-conditions cases [the required] state of mind is one of 'deliberate indifference' to inmate health or safety." Id. "Deliberate indifference" is a subjective standard; the defendant "prison official . . . must actually have known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). In his most recent complaint, Plaintiff describes being placed in a "hard cell" with "no desk, seat, mattress, soap shampoo, toothpaste, toilet paper, among other necessary sanitary needs." (Doc. No. 28 at 2.) He also alleges he was denied a blanket and placed on "a behavior modified food loaf." (Id.) Even assuming that such deprivations are sufficiently serious to state an Eighth Amendment claim, Plaintiff does not specify in his recent filings which of the fourteen Defendants named in his complaint denied him these items and, indeed, at no point in his filings specifies any action taken by an individual defendant.

Plaintiff's objection – that his complaint is sufficient even though it does not identify which of the many Defendants harmed him, or how they did so, because he intended to refer to all "Defendants" – is without merit, and the Court agrees with Magistrate Judge Carlson that "it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights."[4] See Binsack v. Lackawanna Cnty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011) (affirming dismissal of complaint where "[t]he complaint defies any attempt to

---

[4] Plaintiff also makes the conclusory allegation – unsupported by any specific allegations – that "the prison Psychologists and Psychiatrists failed to respond appropriately to my mental health needs." (Doc. No. 28 at 3.) Although Magistrate Judge Carlson notes that Plaintiff identifies no Psychologists or Psychiatrists as Defendants in his pleadings (Doc. No. 11), Plaintiff states in his objections that the psychiatrists are the "John Does" referenced in the caption (Doc. No. 33). Even so, Plaintiff has not averred any facts – such as what his mental health needs are, or when and how they were denied – to support his claim beyond the legal conclusion that his medical health needs were not responded to, and the Court will therefore dismiss any such claim.

meaningfully answer or plead to it, and it left the defendants having to guess what of the many things discussed constituted deliberate indifference on their part"). Plaintiff has named fourteen individual Defendants in this case, but at no point in his complaint does Plaintiff allege actions taken by any of the multiple named Defendants, or, therefore, allege how any of the many named Defendants exhibited deliberate indifference and violated his Eighth Amendment rights. Indeed, as observed by Magistrate Judge Carlson, Plaintiff identifies none of the Defendants by name in the body of his complaint. The Court finds that the absence of well-pleaded facts identifying actions allegedly taken by the many Defendants mandates dismissal of Plaintiff's claims, even under the more liberal pleading standards afford to pro se litigants like Plaintiff. See Walthour v. Child & Youth Servs., 728 F. Supp. 2d 628, 637 (E.D. Pa. 2010) (dismissing pro se claims against Defendants whose names appear only in the caption, and where, accordingly, "neither the Amended Complaint, nor the attached exhibits, make any allegations regarding these Defendants . . . there is nothing in the Amended Complaint that would put these Defendants on notice of the facts and circumstances giving rise to any claims against them.").

Plaintiff's retaliation claim suffers from the same defects. A prisoner-plaintiff in a retaliation case must prove (1) that the conduct which led to the alleged retaliation was constitutionally protected, and (2) that he suffered some "adverse action" at the hands of the prison officials. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Plaintiff alleges that "my claim for retaliation is based on a claim of 'campaign of harassment' which I was subject to due to the many grievances on the RHU staff, and the fact that I was helping others with law work, while also preparing to file a class action." (Doc. No. 28 at 3.) However, he fails to aver any specific adverse actions taken by any named Defendants that allegedly violated his civil rights.

See Fowler, 578 F.3d 210-11 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)) ("A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

Plaintiff's due process claim arising from alleged violations of his medical privacy is similarly insufficient to comply with Federal Rule of Civil Procedure 8, or to otherwise state his claims. In his objections to an earlier Report and Recommendation of Magistrate Judge Carlson, which Plaintiff filed on November 13, 2013, Plaintiff appeared to indicate that he wished to bring a due process claim alleging that Defendants illegally shared his private medical information, an allegation he had not raised in any prior filing. (Doc. No. 27.) The Court provided him an opportunity to amend his complaint to reflect such a claim.[5] (Doc. No. 30.) However, in his "amended due process claim," he states only that "the Defendants violated my Due Process Rights to medical privacy because within the property mentioned throughout these proceedings were confidential psychiatric evaluations containing sensitive information regarding myself and my family," and he describes an encounter with a fellow inmate who allegedly referred to private information about Plaintiff. (Doc. No. 31.) Even liberally construing this allegation as setting forth that his medical information was improperly shared with others, he does not identify which of the many named Defendants allegedly shared this information, nor does he specify when and how this information was shared. This compels the Court to find that dismissal is proper. See Binsack, 438 F. App'x at 160.

---

[5] The Court noted that "prisoners . . . maintain a substantive due process right to privacy in their medical information." (Doc No. 29 at 6 (citing Doe v. Delie, 257 F.3d 309, 316 (3d Cir. 2001).) The Court further noted that "not all disclosures of medical information will in fact violate a prisoner's right to privacy in his medical information." (Id. (citing Delie, 257 F.3d at 317)).

7

Accordingly, because the Court finds that Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and lacks factual support for his causes of action, the Court will adopt Magistrate Judge Carlson's recommendation that Plaintiff's complaint be dismissed, and will overrule Plaintiff's objections.

Lastly, the Court will also adopt Magistrate Judge Carlson's recommendation that Plaintiff's complaint be dismissed <u>with</u> prejudice, rather than granting him further leave to amend.[6] "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). A court need not grant leave to amend where amendment would be inequitable or futile. <u>Id.</u> Leave to amend may be denied for undue delay, bad faith or dilatory motive, repeated failures to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. <u>Waterfront Renaissance Assocs. v. City of Philadelphia</u>, 701 F. Supp. 2d 633, 640 (E.D. Pa. 2010) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)). Here, the Court has provided Plaintiff multiple opportunities to articulate his claims, and he has repeatedly failed to do so. Accordingly, the Court will dismiss Plaintiff's complaint with prejudice, and will close the case. An order consistent with this memorandum follows.

---

[6] In his objections, Plaintiff also states that he is filing a motion for appointment of counsel. (Doc. No. 33 at 2.) Because the Court is dismissing Plaintiff's complaint in its entirety, the Court finds no further need to consider the appointment of counsel in this action, and will deny Plaintiff's request.